WILLIAM JADZEVICZ, complainant-respondent,

*v.*

ANNA ADAMS, JOHN ADAMS, her husband, NELLIE ADAMS, GRANT LUNCH CORPORATION, a corporation of the State of New Jersey, and CHARLES P. X. O'BRIEN, defendants-appellants.

[Submitted February term, 1937.   Decided April 30th, 1937.]

*Mr. George H. Rosenstein,* for the appellants Anna Adams, John Adams and Nellie Adams.

*Mr. Elias G. Willman,* for the respondent.

PER CURIAM.

This is an appeal from a decree advised by Vice-Chancellor Egan ordering, among other things, the defendants Anna Adams and John Adams, her husband, to execute and deliver to complainant, William Jadzevicz, a bond and mortgage in the same amount and form and containing the same conditions as the bond and mortgage theretofore given by them to

complainant, and directing that the defendant Nellie Adams make, execute and deliver to the complainant an assignment of the shares of stock of the Grant Lunch Corporation, which were in her name and in complainant's possession.

The theory of the suit upon which the complaint is based was that the complainant was seriously ill and believed that he was going to die and, wishing to be remembered after his death by the Adams family with whom he had lived, had endorsed for cancellation and delivered to Anna Adams and John Adams the bond and mortgage for $1,000 which they had given him for money he had loaned them; and in appreciation for kindness shown by Nellie Adams, he was delivering to her the certificates of stock, and that all of this was done under the theory that he was about to die, or as legally expressed, a gift *causa mortis*.

The complainant, however, recovered from his illness and demanded the return of the shares of stock from Nellie Adams and the restoration of the bond and mortgage and the return thereof to him from Anna Adams and John Adams. They all refused to comply with the request.

The defense as to the stock delivered to Nellie Adams was that the certificates therefor were presented to her by complainant as an outright gift in appreciation of the many services rendered by her to him. With her answer she filed a counter-claim demanding that complainant return the certificates of stock which she claimed he had surreptitiously taken from her room.

The defense as to the bond and mortgage presented to and canceled by Anna Adams and John Adams was that this was not a gift but in payment of board furnished and services rendered over a long period of time by them to complainant.

By these gifts and other gifts made at or about the same time to his nieces, complainant, who was sixty-nine years of age, had, with the exception of $220, completely stripped himself of all his wordly possessions.

The vice-chancellor held that all these transactions were gifts *causa mortis;* and advised the decree granting the relief prayed for and dismissing the counter-claim of the defendant

Nellie Adams. ˙ The vice-chancellor applied to the facts as found by him the law as laid down in *Weiss* v. *Fenwick, 111 N. J. Eq. 385,* in which this court said:

"The peculiar element of the donation *causa mortis,* which distinguishes it from the one *inter vivos,* is its revocable nature. Although it is absolute in form, and although the thing must be delivered to the donee, yet the transaction is inchoate, and the property remains in the donor until his death. *3 Pom. Eq. Jur. (4th ed.)* § *1150.*

"The recovery of the donor from the particular illness, or his survival of the peril, which existed at the time of the gift, and in contemplation of which the gift was made, will of itself operate as a revocation of the gift. This condition is implied and need not be expressed in words. But if it is expressed it tends to make plain the character of the gift, rather than to cast doubt upon it. *28 C. J. 698* § *120."*

The defendants Anna Adams and John Adams insist that the proofs before the vice-chancellor established that the complainant was indebted to them for rent, lodging and services furnished to him for a period of over four years, which at $6 per week, amount to $1,434, and that the cancellation of the bond and mortgage in question was in consideration of, and payment for the rent, lodging and services thus furnished by them to complainant, and which he accepted.

They point out that the decree precludes them from ever collecting the amount so due them, and argue that if they are to be denied the benefit of the cancellation of the bond and mortgage, they ought not for the same reason, be compelled to forfeit in addition, the claim which they were willing to release only in return for the cancellation of the bond and mortgage, and they urge strenuously that the decree should have contained a provision reserving to them the right to sue the complainant at law for said board and services.

The answer to this is that the very crux of the present controversy is whether the cancellation of the mortgage was made as a gift or for consideration. Appellants contended that it was made for consideration and they presented their proofs in support of their contention but they were unsuccessful in

convincing the vice-chancellor of the merit of their claim. He found against them on that question of fact.

This appeal, as appellants themselves concede, raises only factual issues. The vice-chancellor believed the complainant and not the defendants.

Our examination of the proofs satisfies us that there was abundant support for the conclusions of the vice-chancellor.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.